IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IAS SERVICES GROUP, LLC | § | |
| *Plaintiff/Counter-Defendant* | § | |
| | § | |
| v. | § | |
| | § | |
| JIM BUCKLEY & ASSOCIATES, INC.; | § | Civil Action No. 5:14-cv-180-FB |
| JAMES BUCKLEY, Individually and as | § | |
| Co-Trustee of the Buckley Family Trust | § | |
| dated 06/21/2014, and BARBARA | § | |
| BUCKLEY, Individually and as Co- | § | |
| Trustee of the Buckley Family Trust | § | |
| dated 06/21/2014 | § | |
| | § | |
| *Defendants/Counter-Plaintiffs* | § | |

**JBA'S RESPONSE IN OPPOSITION TO IAS'S MOTION FOR ADVISORY JURY**

Defendants Jim Buckley & Associates ("JBA"), James Buckley and Barbara Buckley file the following response to IAS Service Group's Motion for Advisory Jury, and respectfully request that the Court deny IAS's motion as an inefficient and unfair drain on both JBA and this Court's resources.

As IAS recognizes, empaneling an advisory jury is discretionary. IAS Br. at 2-3; *see also Forrest v. Omega Protein, Inc.*, 3:11CV92, 2011 WL 4352302, at *3–4 (E.D. Va. Sept. 16, 2011) ("The use of an advisory jury under Rule 39(c) of the Federal Rules of Civil Procedure lies within the discretion of the Court and is not a matter of right."). The paramount consideration in determining whether to empanel an advisory jury is to weigh "carefully the interests of justice and the interests of judicial economy." *See Dewey Electronics Corp. v. Montage, Inc.*, 117 F.R.D. 73, 75 (M.D.Pa. 1987). Neither interest is served by an advisory jury.

As to the interest of justice, because the parties contractually bargained for a jury waiver, trying the only remaining issue left in this remanded case before an advisory jury would be severely prejudicial to JBA.  When negotiating the APA, IAS insisted that the parties fix venue before the federal courts of the Western District of Texas.  JBA agreed, in exchange for the addition of a contractual jury waiver provision.  This concession achieved the economies attendant in trying a case to the bench, rather than a jury.  *See Rosen v. Dick*, 83 F.R.D. at 544 ("A bench trial always moves more expeditiously than a jury trial.").

Since this lawsuit was filed, JBA and its counsel have spent countless hours and millions of dollars traveling from California to try this case.  Now, after almost five years of litigation, under the guise of Rule 39(c), IAS seeks to eliminate the economy the parties bargained for.  IAS ignores that there is only one discrete, remanded issue left to try, and that remaining fraudulent inducement inquiry turns on the testimony of only two witnesses—Mr. Cochran and Mr. Buckley.  To introduce an advisory jury at this late stage would require the parties to re-litigate expensive evidentiary issues that were avoided by trying the matter to the bench in the first instance.

For example, the Court will recall that because the case was being tried to the bench, both parties were allowed to introduce evidence that other witnesses would have had to authenticate. If an advisory jury is granted, both parties would likely have to call additional witnesses in order to introduce the records that the Court allowed in the first trial. This will require additional subpoenas, testimony and time that can easily be avoided without a jury.  *See Dewey Electronics*, 117 F.R.D. at 75 (recognizing that "a jury trial's requirements of openings, summations and jury instructions would be replaced by a trial brief in a bench trial, with a concomitant saving of

judicial resources"). This vitiates the bargained-for economy the contractual jury waiver provides.

Introducing an advisory jury would also require the Court and counsel to expend unnecessary time and resources engaging in the evidentiary objections, motions in limine, and other procedural mechanisms required in a jury trial. Even more time consuming will be the significant effort required to apply advisory jury findings to the Court's findings of fact and conclusions of law—"thus nullifying the savings of time and resources claimed by" IAS. *Dewey Electronics*, 117 F.R.D. at 75 (refusing to empanel an advisory jury to assist the court in making credibility determinations); *see also Omega Protein*, 2011 WL 4352302, at *4 (concluding that "[a]n advisory jury would not help in [making independent findings of fact], and . . . empaneling a jury in an advisory capacity would result in an inefficient use of judicial resources").

For these reasons JBA respectfully requests that the Court deny IAS's motion, and proceed to trying the remaining fraudulent inducement issue efficiently and expeditiously.

Respectfully submitted,

*/s/ Leslie Ritchie Robnett*
Leslie R. Robnett
State Bar No. 24065986
Email:  leslie.robnett@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2400
Fort Worth, Texas  76102
Tel:  (817) 332-2500
Fax:  (817) 878-9280

Anthony Lawrence Cannon (Pro Hac Vice)
Email:  tcannon@cannonelms.com
CANNON & NELMS, P.C.
160 S. Old Springs Road, Suite 200
Anaheim, CA  92808
Tel:  (714) 637-4400
Fax:  (714) 637-4444

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

I certify that on March 11, 2019, the foregoing documents has been served via the Court's ECF system to the following counsel for IAS:

Jason M Davis
Email:  jdavis@dslawpc.com
Jay Hulings
Email:  jhulings@dslawpc.com
DAVIS & SANTOS, P.C.
719 S. Flores Street
San Antonio, Texas  78204
Tel:  (210) 853-5582
Fax:  (210) 200-8395


*/s/ Leslie Ritchie Robnett*