IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IAS SERVICES GROUP, LLC,  )  <br> ) <br> Plaintiff/Counter-Defendant,  ) <br> ) <br> V.  ) <br> ) <br> JIM BUCKLEY & ASSOCIATES, INC.;  ) <br> JAMES BUCKLEY, Individually and as  ) <br> Co-Trustee of the Buckley Family Trust  ) <br> Dated 6/21/2014; and BARBARA  ) <br> BUCKLEY, Individually and as  ) <br> Co-Trustee of the Buckley Family  ) <br> Trust Dated 6/21/2014,  ) <br> ) <br> Defendants/Counter-Plaintiffs.  ) | CIVIL ACTION NO. SA-14-CA-180-FB |

**ORDER REGARDING IAS'S MOTION TO STAY EXECUTION OF THE AMENDED
FINAL JUDGMENT AND TO APPROVE BOND (Docket No. 337)
AND JBA'S MOTION TO VACATE THE STAY TO ALLOW ENFORCEMENT OF
LIABILITY AGAINST IAS AND THE SURETY (Docket No. 340)**

Before the Court are IAS's Motion to Stay Execution of the Judgment and to Approve Bond (docket no. 337) and JBA's Motion to Vacate the Stay to Allow Enforcement of Liability Against IAS and the Surety (docket no. 340), along with responses and replies filed by the parties. After careful consideration, the Court is of the opinion IAS's motion should be granted and JBA's motion should be denied.

IAS asks the Court to stay execution of the Court's Amended Final Judgment and to approve a supersedeas bond pending an appeal to the United States Court of Appeals for the Fifth Circuit. JBA JBA seeks to collect from IAS that part of the Amended Final Judgment which affirmed, as modified, JBA's award of breach of contract damages and attorneys' fees. JBA argues: (1) "Because IAS cannot 're-appeal' JBA's affirmed and finally-modified contract judgment, the stay of enforcement as to those

awards must be vacated"; (2) "IAS's position that it can still vitiate JBA's affirmed contract judgment on appeal is contrary to Texas and federal law"; and (3) "Because IAS admits that it did not challenge the Court's findings awarding JBA's attorneys' fees as part of the first appeal, it has no legally-cognizable appellate issue on that affirmed award."

The purpose of a stay with supersedeas bond "is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-91 (5th Cir.1979). The bond is intended to secure the non-appealing party "against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual [appeal]." *Id.* at 1191. In deciding how best to preserve the status quo and secure the non-appealing party from loss, the Court applies general equitable principles. *See id.*

Here, the Amended Final Judgment supercedes the Final Judgment from which IAS took its first appeal. Therefore, maintaining the status quo and protecting JBA's rights remain reasons for the stay with bond to remain in place pending IAS's second appeal. To the extent JBA argues breach of contract damages and attorneys' fees are due an owing, it would be unfair to allow JBA to collect when there has been no ineffectual appeal of the Amended Final Judgment.

IT IS THEREFORE ORDERED that IAS's Motion to Stay Execution of the Judgment and to Approve Bond (docket no. 337) is GRANTED such that: (1) the supersedeas bond proffered by IAS and secured by Aspen American Insurance Company on behalf of IAS as principal, and approved by the Court on February 21, 2017, and as supplemented by the Rider provided by IAS (docket no. 339), is hereby APPROVED; and (2) execution upon the Amended Final Judgment (docket no. 331) dated May 27, 2020, is hereby STAYED pending disposition of any appeal by IAS from the Amended Final Judgment before the United States Court of Appeals.

-2-

IT IS FURTHER ORDERED that JBA's Motion to Vacate the Stay to Allow Enforcement of Liability Against IAS and the Surety (docket no. 340) is DENIED.

It is so ORDERED.

SIGNED this 12th day of August, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE