IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IAS SERVICES GROUP, L.L.C, | § | |
| | § | |
| *Plaintiff/Counter-Defendant*, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. SA-14-CV-180-FB |
| | § | |
| JIM BUCKLEY & ASSOCIATES, INC.; | § | |
| JAMES BUCKLEY, Individually and as | § | |
| Co-Trustee of the Buckley Family Trust | § | |
| Dated 6/21/2014; and BARBARA | § | |
| BUCKLEY, Individually and as | § | |
| Co-Trustee of the Buckley Family | § | |
| Trust Dated 6/21/2014, | § | |
| | § | |
| *Defendants/Counter-Plaintiffs*. | § | |

## ORDER REGARDING ATTORNEYS' FEES AND COSTS

This is a cautionary tale for future civil cases in which parties have a choice of whether or not to succumb to the siren song of lengthy litigation. Roman and Chinese wisdom from antiquity is instructive: "When one holds the wolf by the ears, it's hard to let go safely."[1] "He who rides a tiger is afraid to dismount."[2]

Larry Cochran and Jim Buckley are in the insurance adjusting business. They apparently had an amicable social and business relationship. In 2011, they entered into a contract for Mr. Cochran to purchase Mr. Buckley's California assets. In 2014, Mr. Cochran filed suit against Mr. Buckley alleging, among other things, fraudulent inducement and breach of contract, claiming direct damages of

---

[1] Attributed to Emperor Tiberius by his biographer Suetonius. C. SUETONIUS TRANQUILLUS, THE LIVES OF THE TWELVE CAESARS: TIBERIUS, ch. 25, https://www.perseus.tufts.edu/hopper/text?doc=Perseus (last visited July 22, 2024).

[2] Chinese proverb. THE OXFORD DICTIONARY OF PROVERBS (5th ed. 2008), https://www.oxford reference.com/display/10.1093 (last visited July 22, 2024).

$3,600,000.00 and consequential damages. Mr. Buckley countersued for breach of contract, alleging direct damages of $1,660,000.00, plus consequential damages. After ten years of non-jury trials and hearings and two appellate proceedings in the Fifth Circuit Court of Appeals,[3] now before this Court is what may be the final Order.

Notwithstanding lawyer Lincoln's advice at the beginning of cases[4] and the Court's observation that neither party was likely to "win," Mr. Cochran and Mr. Buckley chose to increase the revenue streams of airlines, hotels, restaurants, court clerk's office, court reporters and lawyers for ten years, during which one lawyer gave birth three times, two lawyers died and one was indicted and pled guilty to six misdemeanors. If litigants are arguing over ten million dollars or more, such expenditures may make sense. Here, the amount in controversy was far less, none of it covered by insurance, *i.e.,* "real money." The parties having chosen to disregard earlier admonitions, the Court recalls an apropos Spanish phrase: "*Te dije*." (I told you.)

Once extended and expensive litigation begins, the Court is reminded of lawyer Charles Biery who was an afficionado of mixed metaphors: "The genie is out of the tube and the toothpaste is out of the bottle." Alas, ego, hubris, revenge and pride seem an eternal part of the human condition. *See* Napoleon at Waterloo, Custer at Little Big Horn and Hamlet and Claudius; *see also Proverbs* 16:18 ("Pride goes before destruction, a haughty spirit before a fall.").

Now before the Court is the final issue of attorneys' fees.

---

[3] *IAS Servs. Grp., LLC v. Jim Buckley & Assocs.*, No. 20-50750, 2023 WL 4235553 (5th Cir. June 28, 2023); *IAS Servs. Grp., LLC v. Jim Buckley & Assocs.*, 900 F.3d 640 (5th Cir. 2018).

[4] "Discourage litigation. Persuade your neighbors to compromise whenever you can. Point out to them how the nominal winner is often a real loser–in fees, expenses, and waste of time. As a peacemaker the lawyer has a superior opportunity of being a good man. There will still be business enough." This quote is from a document fragment entitled "Law Lectures of Abraham Lincoln" dated July 1, 1850, by White House secretaries John Nicolay and John Hay, who collected many of his manuscripts after his death. It is not known however if President Lincoln ever delivered this lecture. Https://www.abrahamlincolnonline.org/lincoln/speeches/lawlect.htm (last visited June 27, 2024).

Background

IAS Services Group, L.L.C. ("IAS") is an independent loss adjusting firm for property casualty insurance carriers. In 2011, the then-president of IAS, Larry Cochran, acquired Jim Buckley & Associates, Incorporated ("JBA"), an insurance adjusting firm owned by James Buckley and Barbara Buckley via an asset purchase agreement ("APA"). The purchase price consisted of a $2,400,000 million cash payment and a $1,200,000.00 Seller Note payable over five equal annual installments, as well as a five-year employment agreement between IAS and Mr. Buckley.

By 2014, IAS had fired Mr. Buckley and filed suit against JBA and the Buckleys. IAS brought claims for fraud, fraudulent inducement, fraud by non-disclosure. IAS also brought a breach of contract claim, alleging that JBA and the Buckleys had breached the APA whereby IAS had agreed to purchase JBA's assets. The Court granted JBA's and the Buckleys' motion to dismiss the fraud claims, leaving IAS's breach of contract claim for the first trial.

JBA and the Buckleys, for their part, asserted counterclaims for breach of contract under the Seller Note that accompanied the APA based on IAS's failure to pay the full purchase price under the APA, and breach of Mr. Buckley's employment agreement, which focused on vacation pay and IAS's failure to make a $250,000.00 severance payment when IAS terminated Mr. Buckley's employment.

After the first bench trial, the Court entered a final judgment awarding JBA and the Buckleys $1,311,096.99 for breach of the seller note (plus interest), $350,957.88 for breach of Mr. Buckley's employment agreement (plus interest), and $1,630,635.39 in attorneys' fees and expenses. At that time, JBA and the Buckleys were the prevailing party on all claims and thus there was no reason for the parties to segregate their fees.

IAS appealed this Court's dismissal of IAS's fraudulent inducement claim, the judgment in favor of JBA and the Buckleys on IAS's claim for breach of the APA, and the judgment in favor of JBA and the Buckleys on their counterclaims for breach of the Seller Note and breach of Mr. Buckley's employment agreement.

On October 4, 2018, the Fifth Circuit issued its opinion, in which it reversed the dismissal of IAS's fraudulent inducement claim and affirmed the judgment in favor of JBA and the Buckleys on the competing breach of contract claims. The Fifth Circuit also vacated the award of severance under Mr. Buckley's employment agreement, concluding that execution of a release was a condition precedent that precluded Mr. Buckley from collection of the severance payment.

On remand from the first appeal, this Court held a second bench trial solely on IAS's fraudulent inducement claim. On February 20, 2020, the Court entered an order which found in favor of JBA and the Buckleys.

JBA and the Buckleys then filed a motion seeking all of their attorneys' fees and expenses associated with the first trial, first appeal, and the second trial on remand. IAS opposed the motion arguing that JBA's fees must be reduced by amounts associated with Mr. Buckley's breach of the employment agreement claim because IAS was the prevailing party on that claim. IAS also argued that JBA was not entitled to any of their attorneys' fees and expenses for the second trial because that trial exclusively concerned a fraudulent inducement claim for which attorneys' fees cannot be awarded under Texas law. IAS also submitted its own application for attorneys' fees associated with the defense of Mr. Buckley's breach of employment agreement claim.

The Court, in its order on the motions for fees, recognized that IAS was the prevailing party on Mr. Buckley's employment agreement claim and awarded IAS fees associated with that claim. For

purposes of JBA's and the Buckleys' award of attorneys' fees, this Court found that the breach of contract claims and the fraudulent inducement claim are inextricably intertwined issues which did not require segregation. (Docket no. 196 at 6) ("Whether under Texas or California law, plaintiff argues that legal services related to JBA's breach of contract claims should be segregated from those related to the fraud claims because they are not so integrally intertwined that the fees for the fraud claims should be recoverable. IAS, however, relied on these claims being inextricably intertwined throughout the entirety of this suit."). This Court therefore declined to order JBA and the Buckleys to segregate their fees and instead awarded JBA and the Buckleys all of their attorneys' fees and expenses for both the first trial and the first appeal. The Court also awarded JBA and the Buckleys all of their claimed fees and expenses associated with the second trial, despite IAS's objection that the second trial exclusively concerned IAS's fraudulent inducement claim for which fees are not recoverable.

On May 27, 2020, this Court entered an amended final judgment, which entered judgment for JBA and the Buckleys on IAS's fraudulent inducement claim, and awarded: (1) $1,311,096.99 to JBA and the Buckleys for damages under the Seller Note; (2) $54,864.84 to Mr. Buckley for vacation pay under the Employment Agreement; (3) $1,630,625.39 to JBA and the Buckleys for attorneys' fees and expenses associated with the first trial; (4) $1,024,621.38 to JBA and the Buckleys for attorneys' fees and expenses associated with the first appeal and the second trial; and (5) $174,524.55 to IAS for attorneys' fees and expenses for successfully defending against Mr. Buckley's claim for severance pay.

IAS appealed for a second time. IAS argued this Court erred in holding that JBA and the Buckleys did not fraudulently induce IAS with regard to the APA, and that the Court abused its discretion in awarding attorneys' fees without segregating fees incurred in connection with Mr. Buckley's employment agreement claim and IAS's fraudulent inducement claim.

On June 28, 2023, the Fifth Circuit affirmed this Court's holding in favor of JBA and the Buckleys on IAS's fraudulent inducement claim, but reversed and remanded the attorneys' fees award for failure to segregate fees. Specifically, the Fifth Circuit found that, because IAS was the substantially prevailing party on Mr. Buckley's employment agreement claim in the first appeal, this Court abused its discretion by refusing to segregate all of JBA's and the Buckleys' fees related to the employment agreement claim in the first trial and first appeal. Likewise, the Fifth Circuit held that, because "fees are [generally] not allowed for torts like fraud," and because "[n]either of the exceptions that JBA and the Buckleys cite to this general rule applies," this Court abused its discretion in failing to segregate JBA's fees relating to IAS's fraudulent inducement claim in the first appeal and second trial.

Further late night readings for insomniacs may be found at 2023 WL 4235553; 2020 WL 5358397; 900 F.3d 640 (5th Cir. 2018); 2017 WL 5652388; 2016 WL 11541230; 2015 WL 13775349; 2015 WL 13775347; 2015 WL 13775346; 2015 WL 13651006; 2015 WL 13650516; 2015 WL 13650367; 2014 WL12861745; 2014 WL 12861731; and 2014 WL 12769668.

## Discussion

In applying the law of the case, this Court must (1) require JBA and the Buckleys to segregate their fees related to Mr. Buckley's breach of employment agreement claim in the first trial and first appeal and exclude such fees from their attorneys' fees award; (2) require JBA and the Buckleys to segregate their fees related to IAS's fraudulent inducement claim in the first appeal and second trial and exclude such fees from their attorneys' fees award; (3) award IAS its fees incurred in post-trial motions and the second appeal in connection with both JBA's and the Buckleys' failure to segregate their fees related to Mr. Buckley's claim that IAS breached his employment agreement and IAS's request for fees related to the same; and (4) enter a First Amended Final Judgment to reflect the adjusted attorneys' fees

awards following remand. *See IAS Servs. Grp., L.L.C. v. Jim Buckley & Assocs.*, No. 20-50750, 2023 WL 4235553, at *6-*7 (5th Cir. June 28, 2023).

In reversing and remanding the award of attorneys' fees to JBA and the Buckleys related to IAS's fraudulent inducement claim in the first appeal and second trial, the Fifth Circuit ruled:

> [U]nder Texas law, fees are generally not allowed for torts like fraud. [fn. 22: *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 667 (Tex. 2009) (citing Chapa, 212 S.W.3d at 311-14).] Neither of the exceptions that JBA and the Buckleys cite to this general rule applies. Consequently, the district court abused its discretion in failing to segregate JBA's and the Buckleys' attorneys' fees related to IAS's fraudulent inducement claim . . . .

*Id.* Relying on previously-made arguments in their appellate briefs, JBA and the Buckleys contend the Fifth Circuit's ruling was clearly erroneous and they will suffer manifest injustice if this Court does not depart from the law of the case. JBA and the Buckleys do not cite to any authority that suggests a district court on remand may disregard the circuit court's ruling based on the district court's finding that the appellate court's ruling was clearly erroneous or manifestly unjust. This is likely because, "[u]pon remand from an appellate court, a trial court is bound to proceed in accordance with the mandate and law of the case as established by the appellate court." *Westside Mothers v. Olszewski*, 454 F.3d 532, 538 (6th Cir. 2006). Moreover, a clearly erroneous or "manifest injustice attack on the law of the case" is not "an auxiliary vehicle for the repetition of arguments previously advanced, without success, in appellate briefs. . . ." *See Laffey v. Northwest Airlines, Inc.*, 740 F.2d 1071, 1081 (D.C. Cir. 1984). Although this Court respectfully disagrees and continues to believe the fraud and contract causes of action meet the exception of being inextricably intertwined, the judicial chain of command requires following the Fifth Circuit's ruling, which is now the law of the case. JBA and the Buckleys have failed to show that this Court has discretion to depart from that ruling.

JBA and the Buckleys also contend that IAS is "judicially estopped" from arguing that they are not entitled to their fees incurred during the second trial phase. As discussed, the Fifth Circuit has decided that JBA and the Buckleys are not entitled to recover fees related to IAS's fraudulent inducement claim and that JBA and the Buckleys must segregate their fees related to the fraudulent inducement claim. Again, the Fifth Circuit's ruling is the law of the case, and the parties and this Court are precluded from revisiting the issue on remand.

Finally, JBA and the Buckleys argue the Fifth Circuit's opinion in the second appeal did not foreclose their ability to argue that they are entitled to fees for litigating IAS's fraudulent inducement claim because the Fifth Circuit reversed and remanded the attorneys' fees award instead of vacating the award. The fees awarded to JBA and the Buckleys at the end of the second trial encompassed fees not only for the second trial, but also for the post-judgment proceedings in the first trial and the entire first appeal. JBA and the Buckleys thus were required to segregate no only their fees incurred during the second trial, but also their fees related to IAS's fraudulent inducement claim and Mr. Buckley's employment agreement breach claim in the first trial and appeal. This is an analysis which generally occurs at the district court, not the court of appeals. *See Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 346 (5th Cir. 2021) ("Where a fee applicant has failed to segregate its fees properly, it is appropriate to remand to the trial court for reconsideration of the attorneys-fees award."). In any event, that the Fifth Circuit reversed, instead of vacating, the fee award does not alter the fact that the Fifth Circuit considered the issue of whether JBA and the Buckleys may recover fees related to IAS's fraudulent inducement claim and held they cannot.

The Fifth Circuit also reversed the award of attorneys' fees to Mr. Buckley related to his claim for severance pay under his employment agreement and awarded IAS additional attorneys' fees for

defending against that claim. JBA and the Buckleys argue IAS's fee calculation is unreliable because it is based on the declaration of IAS's current counsel. The evidence is that the additional fee request relates solely to work performed by IAS's current counsel. Accordingly, this argument is without merit.

Turning to the amount of fees to be awarded, IAS is entitled to additional fees for time spent litigating and appealing JBA's and the Buckleys' failure to segregate their fees related to Mr. Buckley's claim for breach of his employment agreement ("EA-Breach Claim"). This Court previously found that IAS, as the prevailing party on this claim, was "entitled to an award of $178,524.55 for work performed and expenses incurred on the breach of employment agreement claim." (Docket no. 330 at page 2). The Fifth Circuit affirmed that "IAS–not JBA or the Buckleys–was the substantially prevailing party regarding the EA-Breach Claim." *IAS Servs. Grp., L.L.C.*, 2023 WL 4235553, at *6. The Court finds that IAS has provided proper evidence and supporting documentation of specific activities for work performed after the second trial and during the second appeal on the breach of employment agreement claim in the amount of $61,819.75.

This Court previously awarded JBA and the Buckleys $2,655,246.77 in unsegregated attorneys' fees for successfully defending against IAS's fraudulent inducement claim and successfully prosecuting Mr. Buckley's claim that IAS breached his employment agreement. (Docket no. 331 at page 3). Per the rule of the case, when calculating the fee award to which JBA and the Buckleys are entitled, the Court must now exclude any fees related to IAS's fraudulent inducement claim and Mr. Buckley's EA-Breach Claim. *IAS Servs. Grp., L.L.C.,* 2023 WL 4235553, at *6-*7; *see also Transverse, L.L.C. v. Iowa Wireless Servs.*, L.L.C., No. 22-50254, 2023 WL 4056498, at *3 (5th Cir. June 19, 2023) ("[T]he district court had no obligation to accept the lodestar calculation put forth by IWS and did not abuse its discretion in calculating its own.").

After the second trial, this Court awarded JBA and the Buckley all of their fees incurred in the first trial and the first appeal. (Docket no. 304 at page 2) (discussing JBA's and the Buckleys' fees request for first trial, first appeal, and second trial); (docket no. 330 at 8) (awarding JBA and the Buckleys' all their requested fees). IAS argued that JBA and the Buckleys must be ordered to segregate and exclude any fees attributable to Mr. Buckley's EA-Breach Claim because IAS, not Mr. Buckley, was the prevailing party on that claim. (Docket no. 324 at page 12); (docket no. 332 at pages 8-10). The Fifth Circuit agreed with IAS, holding that Mr. Buckley is not entitled to any fees relating to the EA-Breach Claim in the first trial or first appeal, and that JBA must segregate those fees. *IAS Servs. Grp., L.L.C.*, 2023 WL 4235553, at *6. Accordingly, JBA and the Buckleys must segregate and exclude all attorneys' fees related to Mr. Buckley's EA-Breach Claim from the first trial and first appeal and must not be awarded those fees.

JBA and the Buckleys must also segregate their fees related to IAS's fraudulent inducement claim. When the parties were litigating each other's request for attorneys' fees after the second trial, IAS argued that JBA should have been required to segregate its fees relating to IAS's claim for fraudulent inducement. Specifically, IAS argued that fees relating to a fraud claim are, as a general rule, not recoverable under Texas law. (Docket no. 324 at pages 12-13). In response, JBA and the Buckleys argued they were entitled to fees related to the fraudulent inducement claim because it was necessary for JBA to defeat the fraud claim in order to recover on its breach of contract claim. *See* (docket no. 327 at 7). Although this Court agreed with JBA and the Buckleys, the Fifth Circuit agreed with IAS and rejected JBA's and the Buckleys' arguments that an exception to the general rule applied in this case. Instead, the Fifth Circuit held that this Court "abused its discretion in failing to segregate [JBA's] attorneys' fees related to IAS's fraudulent inducement claim in the first appeal and second trial, . . . ."

*IAS Servs. Grp., L.L.C.*, 2023 WL 4235553, at *6.  As discussed, any attempt at this stage by JBA and the Buckleys to revive or reassert those arguments rejected by the Fifth Circuit would be improper.  Accordingly, the Court must segregate and exclude all JBA's and the Buckleys' attorneys' fees related to IAS's fraudulent inducement claim both in the first appeal as well as the second trial.

To this end, the second trial exclusively related to IAS's fraudulent inducement claim.  *See* (docket no. 272) (pleading single claim of fraudulent inducement); (docket no. 278 at page 1) ("a number of those stipulated facts are not relevant to the current trial, which solely concerns IAS's claim for fraudulent inducement."); (docket no. 280) (JBA's and the Buckleys' proposed findings of fact and conclusions of law, which addressed only IAS's fraudulent inducement claim and JBA's and the Buckleys' defenses to the same); (docket no. 290 at page 1) (stating that fraudulent inducement was "the only liability question to be decided at trial"); (docket no. 291) (solely addressing IAS's fraudulent inducement claim); (docket no. 356 at page 9) ("And so we're here to try just one claim, fraudulent inducement.").  As IAS points out, virtually all of the activity before this Court from the Fifth Circuit's mandate in the first appeal, through the second trial, and up to the second appeal, pertained to *either* IAS's fraudulent inducement claim and JBA's and the Buckleys' failure to segregate their attorneys' fees relating to Mr. Buckley's EA-Breach Claim and IAS's fraudulent inducement claim, issues on which IAS ultimately prevailed in the second appeal *or* IAS's request for attorneys' fees related to Mr. Buckley's claim that IAS breached his employment agreement.  (Docket no. 416 at pages 9-10).  Therefore, JBA and the Buckleys are not entitled to any of their attorneys' fees incurred during that period of time.

As noted, attorneys' fees related to the second trial must be excluded from JBA's and the Buckleys' award.  After this case was remanded by the Fifth Circuit in the first appeal, the only

-11-

remaining claim at issue was IAS's fraudulent inducement claim. On the second appeal, the Fifth Circuit ruled that JBA and the Buckleys cannot recover those fees from IAS. *IAS Servs. Grp., L.L.C.,* 2023 WL 4235553, at *6. Thus, because IAS's fraudulent inducement claim was the only cause of action at issue on remand after the first appeal, any fees JBA and the Buckleys' incurred in those remand proceedings (*i.e.*, the second trial) are not recoverable and must be excluded from the fee award. *Id.* Therefore, any of JBA's and the Buckley's fees incurred in the second trial, which they identify as amounting to $441,630.15, (docket no. 413 at page 8), are not recoverable and must be excluded from their fee award.

The Court must also exclude JBA's and the Buckleys' attorneys' fees related to the second appeal. As explained above, the second appeal was focused exclusively on: (1) IAS's fraud claim—for which fees are not allowed; (2) the attorneys' fees that JBA and the Buckleys were awarded in connection with IAS's fraudulent inducement claim (again, for which fees are not allowed); and (3) the attorneys' fees that Mr. Buckley was awarded in connection with the EA-Breach Claim–an issue that Mr. Buckley lost on appeal, and a claim for which the Fifth Circuit held Mr. Buckley was not entitled to attorneys' fees. *IAS Servs. Grp., L.L.C.,* 2023 WL 4235553, at *6. Thus, any of JBA's and the Buckleys' fees incurred in the second appeal, which JBA and the Buckleys identify as amounting to $212,231.42, (docket no. 413 at page 10), are not recoverable and must be excluded from JBA's and the Buckleys' fee award. Accordingly, the Court begins the fee award analysis by deducting $653,861.57 ($441,630.15 + $212,231.42) from JBA's and the Buckleys' unsegregated fee award of $2,655,246.77.

JBA and the Buckleys are entitled to their fees for the first trial and the first appeal. *See id.* The attachments to JBA's and the Buckleys' motion show the total amount of fees they incurred in the first

trial and first appeal is $2,001,385.20, which is comprised of their previously-awarded total fees for the first trial in the amount of $1,663,393.14[5], and their total fees for the first appeal in the amount of $337,992.06. *See* (docket no. 413-14 at page 3).

From that amount, the Court deducts $96,806.01 for fees incurred by JBA and the Buckleys in the first trial in connection with their motion to dismiss IAS's fraudulent inducement claim, which JBA and the Buckleys acknowledge is unrecoverable. (*Id.* at docket no. 413-8 at ¶25).

The Court also deducts $75,372.23, which, as explained above, represents JBA's and the Buckleys' fees in the first appeal that relate to IAS's fraudulent inducement claim.

Next, the Court deducts $20,279.52, which, as JBA and the Buckleys' point out, represents their fees for the first appeal which are apportioned to Mr. Buckley's EA-Breach Claim and thus are non-recoverable. *See* (docket no. 413-8 at ¶ 23).

Regarding JBA's and the Buckleys' request for fees for Mr. Buckley's EA-Breach Claim in the first trial, this Court has previously found that 15% is a reasonable estimation of the percentage of fees spent on this claim in the first trial. *See* (docket no. 330 at pages 7-8) (awarding IAS's segregated attorneys' fees which were based on segregation estimate of 15% in the first trial); (docket no. 319-2) (determining that 15% was reasonable estimate of fees dedicated to Mr. Buckley's EA-Breach Claim in the first trial ). Therefore, the Court attributes 15% of JBA's and the Buckleys' fees for the first trial as relating to the Mr. Buckley's EA-Breach Claim and deducts $249,508.97 from their fees as unrecoverable.

---

[5]The Court previously awarded all of JBA's and the Buckleys' fees incurred in the first trial through October 5, 2016, which amounted to $1,630,625.39. (A review of the invoices attached to JBA's and the Buckleys' motion shows they incurred $32,767.75 in fees related to motion practice following the Court's order on attorneys' fees after the first trial, up until IAS filed its notice of appeal on February 6, 2017. $1,630,625.39 + $32,767.75 = $1,663,393.14).

After deducting the aforementioned amounts (using 15% for Mr. Buckley's fees on the EA-Breach Claim in the first trial) from their total fees incurred in the first trial and first appeal, JBA and the Buckleys' are awarded $1,559,418.47 for their fees in relation to the first trial and first appeal. Again, under the law of the case, JBA and the Buckleys are not entitled to any fees incurred in the second trial or the second appeal. *See IAS Servs. Grp., L.L.C.,* 2023 WL 4235553, at *6-*7.

### Amended Attorneys' Fees Awards

For these and the reasons set forth in IAS's briefing, the Court makes the following amended awards of attorneys' fees in accordance with the Fifth Circuit's rulings:

### IAS's Recoverable Fees

| | |
|---|---|
| IAS's previous award: | $178,524.55 |
| IAS's recoverable fees in the post-trial motions after the second trial and during the second appeal: | $61,819.75 |
| Total fees awarded to IAS: | $240,344.30 |

### JBA's and the Buckleys' Recoverable Fees

| | |
|---|---|
| JBA's previous award: | $2,655,246.77 |
| Less fees in the second trial and second appeal re: IAS's fraudulent inducement claim: | ($653,861.57) |
| Less fees in the first trial re: motion to dismiss IAS's fraud claims: | ($96,806.01) |
| Less fees incurred in First Appeal re: James Buckley's claim for breach of the employment agreement: | ($20,279.52) |

|  |  |
|---|---|
| Less fees incurred in the first appeal re: James Buckley's claim for breach of the employment agreement: | ($75,372.23) |
| Less fees incurred in the first trial re: James Buckley's claim for breach of the employment agreement (using 15% as segregation estimate): | ($249,508.97) |
| Total fees awarded to JBA and the Buckleys: | $1,559,418.47 |

Applying the law of the case, IAS is awarded $0 in damages and $240,344.30 in attorneys' fees and expenses. JBA and the Buckleys are awarded $1,365,961.83 in damages and $1,559,418.47 in attorneys' fees and expenses.

IT IS THEREFORE ORDERED that IAS's motion for attorneys' fees (contained within docket no. 411) is GRANTED such that IAS is awarded additional attorneys' fees in the amount of $61,819.75.

IT IS FURTHER ORDERED that CounterPlaintiffs'/Defendants' Motion for Attorneys' Fees and Costs and Supporting Brief (docket no. 413) is GRANTED to the extent that JBA and the Buckleys are awarded amended attorneys' fees in the total amount of $1,559,418.47.

IT IS FINALLY ORDERED that the parties are to confer and file, on or before **August 22, 2024**, a proposed agreed-as-to-form First Amended Final Judgment awarding $0 in damages and $240,344.30 in attorneys' fees and expenses and interest to IAS and awarding $1,365,916.83 in damages and $1,559,418.47 in attorneys' fees and expenses and interest to JBA and the Buckleys.

Assuming the lawyers are not waiving their fees in excess of the awards, the Court's educated guess is that Mr. Buckley and Mr. Cochran both lost. "Millions for defense but not one cent for tribute." JOHN BARTLETT, FAMILIAR QUOTATIONS 367 (Justin Kaplan, 16th ed. 1992) (attributing quotation to Charles Cotesworth Pinckney).

May this case, Anthony Cannon, Esquire, and Rob Loree, Esquire, now rest in peace. And may Leslie Robnett, Esquire, not let her children "grow up to be cowboys . . . Let 'em be . . . lawyers and such . . . ."[6] Whether she encourages them to join our great profession is somewhere down the country road.

It is so ORDERED.

SIGNED this 23rd day of July, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[6] WAYLON JENNINGS with WILLIE NELSON, MAMMAS DON'T LET YOUR BABIES GROW UP TO BE COWBOYS, *on* WAYLON & WILLIE (Capitol Records 1977).